UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

AMANDA M. T., )
 )
       *Plaintiff* )
 )
v. ) No. 1:18-cv-00271-JHR
 )
ANDREW M. SAUL, )
*Commissioner of Social Security,*[1] )
 )
       *Defendant* )

### *MEMORANDUM DECISION*[2]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ erred in ignoring the rebuttal opinion of a treating physician, Jean Antonucci, M.D., and rejecting the opinion of an agency examining consultant, David S. Axelman, M.D. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 8) at 2-4. I agree that the ALJ erred in ignoring the Antonucci opinion and that the error cannot fairly be described as harmless. On that basis, I vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 14.

1

address the plaintiff's argument that the ALJ's error in assessing the Axelman opinion separately warrants remand.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2015, Finding 1, Record at 14; that, through her date last insured ("DLI"), she had the severe impairment of a spine disorder, Finding 3, *id.*; that, through her DLI, she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she could occasionally stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, and scaffolds, Finding 5, *id.* at 16; that, considering her age (35 years old, defined as a younger individual, as of her DLI), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 19; and that she, therefore, had not been disabled from August 29, 2009, her alleged onset date of disability, through December 31, 2015, her DLI, Finding 11, *id.* at 20. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

In assessing the plaintiff's RFC, the ALJ summarized the record evidence spanning the period from the plaintiff's alleged onset date of disability, August 29, 2009, through her DLI, December 31, 2015. *See* Record at 16-18. She concluded:

> Based on the longitudinal evidence of the objective medical findings and the [plaintiff]'s activities and response to treatment, I find insufficient support for a conclusion that she was disabled for a period of at least 12 consecutive months at any time from August 2009 through December 2015. I also note that the [plaintiff] told Jane Glass, D.O., who examined her in June 2016, that she only used a walking stick "for distances," and wore a lumbar corset when "standing for long periods of time," which is not consistent with her assertion that she can only stand and walk for brief periods. She also stated that she was independent with self-care activities, did all housework (although at her own pace), enjoyed gardening and was the primary caregiver for her two-year-old. Dr. Glass concluded that the [plaintiff] could work 40 hours a week and lift up to 25 pounds.

*Id*. at 18 (citation omitted).

The ALJ then discussed the opinion evidence. *See id*. She noted, in relevant part, that she gave "great weight" to the agency nonexamining consultants' "determination of the [plaintiff]'s work capacity because it is consistent with substantial evidence, including that received after their review[,]" and "[n]o weight" to Dr. Axelman's assessment of her work capacity, which was based on a one-time examination and unsupported by the evidence. *See id*. at 18-19.

The ALJ made no mention of a February 24, 2017, case review by the plaintiff's treating physician, Dr. Antonucci, responding to the June 15, 2016, workers' compensation opinion of Dr.

Glass. *See id*. at 18-19, 2168-69, 2288-98. In her case review, Dr. Antonucci indicated that she had "both agreements and disagreement with Dr. Glass." *Id*. at 2168. For example, she stated, "I cannot imagine that [the plaintiff] can do 40 hours a week, even if close to home[,]" explaining, "She is neither emotionally nor physically capable of that right now." *Id*. She took issue with Dr. Glass's description of the plaintiff as "fully functional at home[,]" observing, "[O]ne is not fully functional if one has to stop and pace oneself (pacing is not allowed or expected in the workplace), and getting everything done at such a slow rate cannot be translated to being able to work in a full capacity[.]" *Id*.

She further stated, in relevant part, that she "would support 20 h[ou]rs of work a week AFTER [the plaintiff] finished her current physical therapy regimen and I hear their evaluation[,]" suggesting "10 h[ou]rs a week for several weeks [un]til [the plaintiff] regains her confidence[.]" *Id*. at 2169. She added that the plaintiff "should not under any circumstance bend and twist frequently as Dr. Glass says – these are terrible ergonomics for backs[,]" "should be allowed to sit and stand and walk – that is she should have a job that allows all these and frequent changes of position for comfort[,]" "should not work in a fast paced environment where she would be set to fail[,]" and "should carry no more than 5 – 10 [pounds] [un]til she sees that she can." *Id*.

As counsel for the commissioner acknowledged at oral argument, the ALJ erred in failing to mention the Antonucci opinion. *See, e.g., Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted). However, he contended that the error was harmless for two reasons.

4

First, he noted that Dr. Antonucci expressed an opinion solely as to the plaintiff's condition subsequent to the relevant time period, a circumstance in which this court has deemed an ALJ's error in ignoring an RFC opinion of an examining physician harmless. *See also* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 12) at 6-7 (citing *Moody v. Colvin*, No. 1:12-cv-281-GZS, 2013 WL 3944287, at *3 (D. Me. July 31, 2013)).[3] However, as the plaintiff's counsel persuasively argued, this case is distinguishable from *Moody* in that, here, the ALJ herself rendered the Antonucci case review relevant by relying in part on the Glass opinion, which itself postdated the plaintiff's DLI and focused solely on her then-current work capacity and was the subject of the Antonucci rebuttal/review. *See also* Statement of Errors at 2.

Second, counsel for the commissioner argued that the Glass opinion had no impact on the ALJ's determination of the plaintiff's RFC because the ALJ (i) cited it primarily for the plaintiff's self-reports to Dr. Glass and (ii) based her RFC determination not on the opinion of Dr. Glass, who deemed the plaintiff capable of lifting up to 25 pounds, but those of agency nonexamining consultants, who deemed her capable of lifting only up to 20 pounds. *See also* Opposition at 7; Record at 18-19, 83-84, 97-99. He observed that the plaintiff had not separately challenged the ALJ's partial discounting of her subjective statements.

Nonetheless, as the plaintiff's counsel again persuasively countered, the ALJ's reliance on the opinion of Dr. Glass without considering or discussing that of Dr. Antonucci indeed bears on her determination of the plaintiff's RFC. The ALJ relied on Dr. Glass's notations of the plaintiff's self-reports and opinion that the plaintiff could work up to 40 hours a week and lift up to 25 pounds to bolster her finding that the plaintiff retained the capacity to perform light work on a full-time

---

[3] Indeed, as counsel for the commissioner noted, the plaintiff's counsel indicated in a pre-hearing letter to the ALJ that Dr. Antonucci "began seeing [the plaintiff] after the DLI (and did not feel she could express an opinion for the prior period)[.]" Record at 349.

5

basis. *See* Record at 18-19. She pointedly noted that she gave "great weight" to the opinions of the agency nonexamining consultants because they were "consistent with substantial evidence, including that received after their review." *Id*. at 18 (citation omitted). However, the consultants' opinions plainly were inconsistent with the opinion of Dr. Antonucci, which also was received after their review.

While courts overlook an "arguable deficiency in opinion-writing technique" if not outcome-determinative, *see Bryant ex rel. Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998) (citation and internal punctuation omitted), reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway, *see, e.g., Holli A.G. v. Berryhill*, No. 1:18-cv-00077-JHR, 2019 WL 1431221, at *2 (D. Me. Mar. 29, 2019) (remand warranted when ALJ ignored opinion of agency examining consultant that would have precluded claimant from performing sedentary work).

That is the case here. The ALJ relied in part on the Glass opinion in determining the plaintiff's RFC, rendering Dr. Antonucci's critique of that opinion relevant. Dr. Antonucci's opinion, in turn, was material in that it called into question Dr. Glass's conclusions as to the plaintiff's work capacity. Indeed, as the plaintiff observes, *see* Statement of Errors at 3, the vocational expert present at her hearing indicated that limits corresponding to those set forth by Dr. Antonucci eliminated all work, *see* Record at 69. The ALJ's failure to acknowledge Dr. Antonucci's rebuttal evidence, hence, requires remand. *See, e.g., Soto v. Sec'y of Health & Human Servs.,* 795 F.2d 219, 222 (1st Cir.1986) ("We are ill-equipped to sort out a record that admits of conflicting interpretations."); *Rodriguez,* 647 F.2d at 222 ("The [commissioner] may (and, under [her] regulations, must) take medical evidence. But the resolution of conflicts in the evidence and

6

the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED**, and the case is **REMANDED** for proceedings consistent herewith.

Dated this 8th day of September, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge